UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RIAD GHOSHEH, ET AL., )<br>)<br>Plaintiffs, )<br>) <br>VS. )<br>)<br>JEH JOHNSON, in his official capacity as )<br>Secretary of the United States )<br>Department of Homeland Security, )<br>ET AL., )<br>)<br>Defendants. ) | CIVIL ACTION NO.<br><br>3:03-CV-0010-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the plaintiffs' motion to hold the defendants in contempt of court (docket entry 76). For the reasons stated below, the plaintiffs' motion is denied.

### I. INTRODUCTION

On February 26, 2004, the court entered judgment in this case (docket entry 70). The court entered judgment pursuant to a memorandum order of the same date (docket entry 69). The court ordered "(1) that the defendants shall, as required by 8 U.S.C. § 1154(j), treat as valid the Visa Petition of the plaintiff Riad Ghosheh for the

purposes of adjudicating the plaintiffs' Adjustment Applications; (2) that all other relief sought by any party is **DENIED**; and (3) that each party shall bear his/her/its own costs of court." Judgment dated February 26, 2004 (docket entry 70) (emphasis in original).

In April 2004, February 2005, and April 2005, the United States Citizenship and Immigration Services ("USCIS") Texas Service Center treated the adjustment applications as reopened based on the valid I-140 visa petition by granting the plaintiffs' applications for employment authorization. *See* Defendants' Response to Plaintiffs' Motion to Hold Defendants in Contempt of Court ("Response") at 2 (docket entry 87) (citing Appendix in Support of Defendants' Response to Motion to Hold Defendants in Contempt of Court ("App.") at 006-012 (docket entry 87-1)). USCIS formally reopened the adjustment applications in April and May 2005. Response at 2 (citing App. at 001-04). On May 13, 2005, USCIS transferred the adjustment applications to the USCIS Dallas Field Office, where the applications remain pending. Response at 2 (citing App. at 005), 7.

On January 27, 2016, the plaintiffs filed the instant motion averring that the Department of Homeland Security had not complied with the court's order and judgment. Plaintiffs' Motion to Hold Defendants in Contempt of Court ("Motion") ¶ 1 (docket entry 76). The plaintiffs request that the court hold the defendants in contempt of court for failing to following the court's order granting the plaintiffs'

mandatory injunctive relief and "impose on the defendants a penalty sufficient to motivate them to perform immediately their 12-year overdue ministerial duty to decide the Plaintiffs' applications for adjustment of status." *Id.* ¶ 5. The defendants filed a timely response (docket entry 87), in which they contended that they fully complied with the court's order. The plaintiffs did not file a timely reply. The motion is thus ripe for decision.

## II. ANALYSIS

### A. Legal Standard

To prove that the defendants should be held in civil contempt, the plaintiffs "must establish by clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson, Mississippi*, 359 F.3d 727, 731 (5th Cir. 2004). In the contempt context, "clear and convincing evidence" is "that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (internal quotation marks omitted) (adopting in contempt context definition of clear and convincing evidence used in attorney disbarment proceeding) (quoting *In re Medrano*,

956 F.2d 101, 102 (5th Cir. 1992)). "The contemptuous actions need not be willful so long as the contemnor actually failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Association*, 228 F.3d 574, 581 (5th Cir. 2000) (citing *National Labor Relations Board v. Trailways, Inc.*, 729 F.2d 1013, 1017 (5th Cir. 1984)), *cert. denied*, 531 U.S. 1191 (2001). "In civil contempt proceedings the question is not one of intent but whether the alleged contemnors have complied with the court's order." *Jim Walter Resources, Inc. v. International Union, United Mine Workers of America*, 609 F.2d 165, 168 (5th Cir. 1980) (internal quotations omitted). "Good faith is not a defense to civil contempt; the question is whether the alleged contemnor complied with the court's order." *Chao v. Transocean Offshore, Inc.*, 276 F.3d 725, 728 (5th Cir. 2002).

B. <u>Discussion</u>

The plaintiffs maintain that the defendants have not complied with the court's order of February 26, 2004. Motion ¶ 1. In response, the defendants contend that they complied with the court's order. Response at 2. To support their contention, the defendants attach USCIS documents showing that the USCIS reopened the adjustment applications, App. at 001-04, and treated the adjustment applications as reopened based on the valid I-140 visa petition by granting the adjustment applications for employment authorization. App. at 006-012. Thereafter, the defendants transferred the application to the Dallas field office, where the

applications are still pending. Response at 7. The defendants claim that they have not taken any action in contradiction of the court's February 26, 2004 order. *Id.*

The plaintiffs offered no evidence to support their claim that the defendants have failed to comply with the court's order. *See generally* Motion. The defendants, on the other hand, have offered proof that they complied with the court's order. App. at 001-012. Since the plaintiffs have offered no evidence that the defendants violated this court's order, and the defendants have offered proof they have complied with this court's order, the plaintiffs have failed to establish by clear and convincing evidence that the defendants should be held in contempt of court for failing to comply with this court's order. *Travelhost, Inc.*, 68 F.3d at 961. Therefore, the plaintiffs' motion to hold defendants in contempt of court is denied.

### III.  CONCLUSION

For the reasons stated above, the plaintiffs' motion to hold the defendants in contempt of court (docket entry 76) is **DENIED**.

**SO ORDERED**.

June 14, 2016.

                                                                       *A. Joe Fish*
                                                                   **A. JOE FISH**
                                                                   **Senior United States District Judge**